UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------x

ZSA ZSA JEWELS, INC.,

                      Plaintiff,

   -against-

BMW OF NORTH AMERICAN, LLC, et al.,

                     Defendant.

-----------------------------------------------------x

MEMORANDUM AND ORDER

15 CV 6519 (ILG)

GLASSER, United States District Judge:

      Pending before the Court is an objection to the Memorandum and Order of Magistrate Judge Mann denying the plaintiff's motion to extend a scheduling order to permit it to add new parties to its complaint. That order, issued on May 18, 2016, set the dates for fact and expert discovery and also provided that "[p]leadings may be amended and new parties added until June 13, 2016." Five months after the expiration of that deadline, the plaintiff sought permission to extend it.

      The dispositive issue was thus plainly to be resolved by the applicability of Rule 16(b)(4), Fed. R. Civ. P., which provides that "[a] schedule may be modified only for good cause and with the judge's consent." In a Memorandum and Order, familiarity with which is assumed, Magistrate Judge Mann, following a concisely detailed review of the procedural history of the case, held that "[s]imply put, plaintiff has not shown good cause to retroactively extend that deadline by five months – and to substantially

increase the likelihood that the discovery schedule will have to be further adjourned to accommodate the appearance of a new defendant more than one year after the commencement of this lawsuit. Under these circumstances, the Court declines to modify the scheduling order." DE 53 at 7.

The plaintiff timely filed its objection to that determination. In a Memorandum in support of its objection it presents a contrasting view of the procedural history of the case and based on that view urges this Court to "overturn" Judge Mann's Order for essentially two reasons, namely, that no prejudice is apparent and that the interest of justice requires it. DE 54, familiarity with which is assumed.

At the outset, the Court notes its awareness that the Court of Appeals for this Circuit has not, as yet, definitively spoken on the dispositive or non-dispositive consequence of a decision to amend a motion to amend a pleading. The cases recognizing that lacuna have been gathered and discussed in Wilson v. City of New York, 2008 WL 190912 (E.D.N.Y.); Cohen v. G&M Realty L.P., 2015 WL 1182712, n.1 (E.D.N.Y.), among others. See also dictum in Kilcullen v. N.Y. State Dept. of Transportation, 55 F. App'x 583, 585 (2d Cir. 2003). A discussion of them, extended or otherwise, would be an affectation of research and contribute little, if anything, to informing the preferred view of the dispositional issue given the Court's determination that the objection should be dismissed whether the standard of review of the Magistrate's Order is "clearly erroneous or contrary to law" (Rule 72(a)) or *de novo* (Rule 72(b)).

Given the unambiguous instruction of Rule 16(b)(4), there is no ground upon which this Court could find that Magistrate Judge Mann's Order is clearly erroneous

and contrary to law, and given the comprehensive review of the procedural history of this case Judge Mann's Order makes manifest, this Court would be driven to the same conclusion upon a *de novo* review. Instructive and persuasive in this regard is <u>National Hockey League, et al. v. Metropolitan Hockey Club, Inc., et al.</u>, 427 U.S. 639 (1976). That case presented the validity of the district court's dismissal, pursuant to Fed. R. Civ. P. 37, of the respondents' antitrust action against petitioners for failure to timely answer written interrogatories ordered by that Court. The Third Circuit of Appeals reversed the district court and was, in turn, reversed by the Supreme Court, which wrote at 642-643:

> There is a natural tendency on the part of reviewing courts, properly employing the benefit of hindsight, to be heavily influenced by the severity of outright dismissal as a sanction for failure to comply with a discovery order. It is quite reasonable to conclude that a party who has been subjected to such an order will feel duly chastened, so that even though he succeeds in having the order reversed on appeal he will nonetheless comply promptly with future discovery orders of the district court.
>
> But here, as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

In the same vein and similarly informative, <u>see</u> <u>Noonan v. Cunard Steamship Co.</u>, 375 F.2d 69 (2d Cir. 1967).

The objection is hereby dismissed.

SO ORDERED.

Dated:      Brooklyn, New York
            December 27, 2016

_____/s/_____
I. Leo Glasser