UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

ZSA ZSA JEWELS, INC.,

|  |  |
|---|---|
| Plaintiff, | **MEMORANDUM AND ORDER** |
| -against- | **15-cv-6519 (ILG)** |

BMW OF NORTH AMERICA, LLC, et al.,

Defendants.
-----------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

Despite the Court's warning, on April 13, 2017, that its three-month extension of the fact discovery deadline would be the final extension, see Electronic Order (Apr. 13, 2017), plaintiff Zsa Zsa Jewels, Inc. ("plaintiff") now moves for yet another extension, see Letter Motion (July 21, 2017) ("Pl. Letter"), Electronic Case Filing ("ECF") Docket Entry ("DE") #64 - - or, more precisely, a reopening of fact discovery, which closed on July 14, 2017. Plaintiff contends that an extension is warranted, in order to allow plaintiff to depose Mark Yeldham of defendant BMW North America ("BMW NA" or "BMW") - - a witness who, plaintiff implies, was unknown to plaintiff until the depositions of two BMW employees on July 10, 2017. See Pl. Letter at 1. However, according to BMW's response to plaintiff's motion, "BMW NA disclosed Mr. Yeldham as a witness more than a year ago, in its Rule 26(a) Initial Disclosures, on May 16, 2016." Reply in Opposition (July 25, 2017) ("BMW Letter") at 1, DE #65.

Under these circumstances, the Court would be amply justified in denying plaintiff's request for a fourth extension of fact discovery in this case, which has been pending since

2015.   Nevertheless, given the absence of any objection from defendants, the Court, in its

discretion, will reopen fact discovery and modify the schedule for expert disclosures, but not to

the extent proposed by plaintiff.   Fact discovery is reopened for 30 days, until August 25,

2017.   Plaintiff's expert disclosures shall be served by August 15, 2017[1]; defendants' shall be

served by September 15, 2017.   The September 25th settlement conference remains

unchanged.   If the case does not settle, the Court will set a deadline for expert depositions and

a schedule for dispositive motions.

In its response to plaintiff's motion, defendant BMW also cross-moves for spoliation

sanctions and to compel disclosure of the settlement agreement between plaintiff and defendant

Bridgestone Americas Tire Operations, LLC ("Bridgestone").   See BMW Letter at 1, 2-3.

The cross-motion is procedurally defective in several respects.

As an initial matter, in violation of this Court's Individual Rules, BMW's request for

judicial action has not been docketed into the ECF court file as a motion.   See Individual

Rules of Magistrate Judge Roanne L. Mann § II.B.[2]   More importantly, BMW ignores the

mandate set forth in the federal and local civil rules (and incorporated by reference into the

Court's Individual Rules) that counsel first confer in good faith with his adversary regarding

his request and confirm that those discussions were unavailing.   See Fed. R. Civ. P. 37(a)(l);

E.D.N.Y. Local Civ. R. 37.3(a); Individual Rules of Magistrate Judge Roanne L. Mann

§ III.A.   While one could safely assume that plaintiff would not consent to the imposition of

spoliation sanctions, the same cannot be said of BMW's desire to obtain a copy of the

settlement agreement between plaintiff and Bridgestone.   Indeed, BMW acknowledges that

---

[1] Plaintiff did not seek to extend the previously set August 15th deadline.   See Pl. Letter at 2.
[2] Plaintiff's recently filed response to BMW's letter likewise seeks judicial action (permission to fully brief the cross-motion for sanctions) but was not docketed into ECF as a motion.   See Reply to Response to Motion (July 26, 2017) at 1, DE #67.

"Plaintiff and Bridgestone have indicated that they are willing to release their settlement agreement . . . ," but BMW complains that "they have not yet done so."    BMW Letter at 3. BMW's motion is silent as to whether BMW and plaintiff have discussed the timing of that disclosure - - or even whether BMW has made a formal demand for the settlement document. The Court declines to consider BMW's premature request.

In the event that BMW opts to renew its request for spoliation sanctions, it should consider whether, in light of the relief requested, the request should be addressed to the District Court, and whether the motion should await the development of a full record on the circumstances surrounding the destruction of the subject vehicle.

**SO ORDERED.**

**Dated: Brooklyn, New York**
**July 26, 2017**

/s/        *Roanne L. Mann*
**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**