UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ZSA ZSA JEWELS, INC.,

                              Plaintiff,

   -against-

BMW OF NORTH AMERICA, LLC,

                             Defendant.
-----------------------------------------------------------x

MEMORANDUM AND ORDER

15-CV-6519 (ILG)

GLASSER, Senior United States District Judge:

This negligence action arose when an automobile designed and manufactured by Defendant caught fire and allegedly damaged Plaintiff's merchandise.[1] Plaintiff's first amended complaint claimed lost profits in the amount of $5,677,114. (ECF No. 32 at 37–38).[2] This figure derives from the alleged retail value of the merchandise. (ECF No. 104-5 at 2).

On December 9, 2019, Defendant moved to sanction Plaintiff's counsel for violation of Fed. R. Civ. P. 11(b)(2), which prohibits frivolous pleadings.[3] (ECF No. 103). Defendant argues that, as a matter of law, Plaintiff could not possibly recover lost profits or the retail value of the merchandise; at most it is entitled to the replacement cost or other lesser amounts. (ECF No. 105, "Def's Mem." at 1–2). As an alternative to sanctions, Defendant requests that Plaintiff

---

[1] Plaintiff's original complaint also brought state law claims for products liability and a federal claim for violation of the Magnuson-Moss Warranty Act. (ECF No. 1 ¶¶ 40–51, 59–70, 78–89). Plaintiff amended its complaint to remove the breach of warranty claim (*See* ECF No. 32), and this Court entered summary judgment on October 11, 2019 on all product liability claims. (ECF No. 97).

[2] The first amended complaint has since been superseded by Plaintiff's second amended complaint. (ECF No. 115).

[3] Defendant's motion constitutes a renewal of a prior Rule 11 motion, which this Court dismissed without prejudice on account of procedural defects. (ECF No. 97).

1

"immediately" amend its damages claim to reflect only the replacement cost of the merchandise. (*Id.*).

For the reasons stated below, Defendant's motion is GRANTED. Sanctions are imposed in the amount of $5,000, to offset Defendant's costs in making its Rule 11 motion.

**DISCUSSION**

"By presenting to the court a pleading, written motion, or other paper," an attorney "certifies that to the best of [his or her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). A paper violates Rule 11 "where it is patently clear that a claim has absolutely no chance of success under the existing precedents." *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985), *superseded on other grounds by rule.*

The claim for full retail value had absolutely no chance of success under governing precedents.[4] Where property is partially destroyed, the plaintiff may recover the lesser of: (1) the difference between the market value of the property before and after the harm was inflicted;[5] or

---

[4] In its October 10, 2019 Memorandum and Order, this Court held that New York law, rather than New Jersey or Connecticut law, controls this case. (ECF No. 97 at 12, n.7).

[5] "Market value" refers to the price at which the plaintiff could replace the property by buying it in the open market. *Ever Win,* 111 A.D.3d at 886. It does not refer to the price at which a merchant could sell the property in the consumer market. This clarification may be necessary to avoid confusion, because the Plaintiff is not an ordinary consumer but rather a merchant who buys at a wholesale price and sells at a retail price.

2

(2) the replacement cost.[6] *Hartshorn v. Chaddock,* 135 N.Y. 116, 31 N.E. 997, 998 (1892); *see also In re Sept. 11th Litig.*, 590 F. Supp. 2d 535, 541 (S.D.N.Y. 2008). Where the plaintiff's property is totally destroyed, the measure of damages is its reasonable market value. *Gass v. Agate Ice Cream, Inc.,* 264 N.Y. 141, 144, 190 N.E. 323 (1934); *Reed v. Cornell Univ.*, 138 A.D.3d 816, 818 (N.Y. App. Div. 2016).[7]

Crucially, "[t]he market value of a merchant's goods is the price at which they could be replaced in the market, not the retail price at which they could be sold." *Ever Win, Inc. v. 1–10 Indus. Assoc.,* 111 A.D.3d 884, 886, 976 N.Y.S.2d 123 (N.Y. App. Div. 2013) (quoting *Wehle v. Haviland,* 69 N.Y. 448, 450 (1877)). Recovery of the retail value, including the merchant's lost profits, is only permissible in limited cases which do not apply here—for instance, if the merchandise was already under contract for a specified price and awaiting delivery, or if the goods were stolen by the defendants. *Reed*, 138 A.D.3d at 818; *Wehle v. Butler*, 61 N.Y. 245, 245 (1874).

In opposing Rule 11 sanctions, Plaintiff's counsel concedes that "after reviewing the available evidence" its client could not plausibly be entitled to damages based on retail value or lost profits. (ECF No. 109, "Pl's Opp'n" at 5, 9–10). However, Plaintiff's counsel nonetheless urges this Court to deny the motion on mootness grounds, citing a December 6, 2019 email he sent to Defendant's counsel:

> "In performing our review and analysis . . . we believe that the plaintiff can establish its damages based on the diminution in value of the business . . . and will seek permission from the court to amend our claim accordingly, and to produce expert analysis establishing a lost valuation claim of $1.5 Million. In the event the

---

[6] Often, but not always, diminution in market value and replacement cost are same because they are "two sides of the same coin." *Fisher v. Qualico Contracting Corp.*, 98 N.Y.2d 534, 537 (2002) (finding that "replacement cost and diminution in market value measured the same loss").

[7] There is some dispute as to whether Plaintiff's jewelry was totally destroyed or only partially destroyed. (Def's Mem. 4; Pl's Opp'n 4). But either way, these cases make clear that Plaintiff could not possibly recover the full retail value under New York law.

> Court denies our motion to so amend and produce expert analysis, we agree to amend our complaint by withdrawing the claim for lost profits, and proceed with a claim based upon replacement cost . . . ."

(*Id.* at 5). The Court is perplexed by Plaintiff's counsel's interpretation of his own email. He insists this email proves that Plaintiff accepted Defendant's request to calculate damages based on replacement cost. (*Id.*). But his purported acceptance is no acceptance at all. It is a counteroffer, conditioned in part upon this Court's uncertain permission to reopen discovery based on a new theory of damages.[8]

Accordingly, Defendant's Rule 11 motion is granted.[9] Sanctions are imposed in the amount of $5,000, payable to the Clerk of the Court, to be paid within 30 days of this order.

SO ORDERED.

Dated: Brooklyn, New York
April 2, 2020

/s/
I. Leo Glasser          U.S.D.J.

---

[8] Plaintiff eventually amended its complaint to eliminate the claim for lost profits. (ECF No. 115). However, this only partially complies with Defendant's requested relief. Plaintiff continues to seek damages for "lost value of its business." (*See* ECF No. 116) (moving to reopen discovery to allow expert testimony on such damages). This does not comply with Defendant's demand that damages be "based upon the replacement cost for the subject merchandise." (Def's Mem. 1).

[9] Defendant argues that it should also receive costs for jewelry appraisal expert fees, forensic accounting expert's fees, and deposing Plaintiff's tax preparer and damages expert. (Def's Mem. 2). Such award would be inappropriate. There is no indication that Defendant sought any explanation of the basis upon which the Plaintiff sought his extensive damages. Early inquiry would have obviated the expense incurred in ferreting out that information. Assuming Plaintiff responded to that inquiry truthfully—that such damages figure was based on the retail value of the merchandise—that would have been sufficient for Defendant make its motion.