UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ZSA ZSA JEWELS, INC.,

                    Plaintiff,             MEMORANDUM AND ORDER

  -against-

                                                         15-CV-6519 (ILG)

BMW OF NORTH AMERICA, LLC,

                    Defendant.
-----------------------------------------------------------x

GLASSER, Senior United States District Judge:

On April 1, 2020, Plaintiff moved to reopen discovery pursuant to Fed. R. Civ. P. 16(b)(4). (ECF No. 116). Specifically, Plaintiff seeks to add a new expert witness to testify on a new theory of damages based on the loss of value of its business. (*Id.* at 1). For the reasons stated below, the motion is DENIED.

## BACKGROUND

Plaintiff, a jewelry company, alleges that an automobile manufactured and designed by Defendant caught fire and damaged its merchandise. The first amended complaint sought damages for lost profits, in the amount of $5,677,114. (ECF No. 32 at 37–38). That figure was derived from the alleged retail value of the goods. (ECF No. 104-5 at 2).

Extensive discovery was completed on February 1, 2018. On October 11, 2019 this Court issued a Memorandum and Order granting Defendant's motion to preclude the testimony of Plaintiff's expert witness, and partially granting Defendant's motion for summary judgment. (ECF No. 97).

Following the Court's order, Plaintiff further amended its complaint to remove all claims for lost profits, which it conceded had no basis in law. (ECF No. 115; ECF No. 109 at 5). It also moved to reopen discovery "to allow for the disclosure of a new expert witness to testify as to the

1

plaintiff's damages, specifically, the lost value of its business resulting from the fire which destroyed virtually all of the plaintiff's inventory." (ECF No. 116 at 1). Defendant characterizes this motion as vexatious and dilatory, and argues that it reflects a strategy of "anchoring Plaintiff's claim in the millions of dollars regardless of the merits." (Def's Opp'n 3, 10) (internal quotation marks omitted).

## DISCUSSION

"As a general rule, discovery should only be re-opened for good cause, depending on the diligence of the moving party." *Moroughan v. Cty. of Suffolk*, 320 F. Supp. 3d 511, 515 (E.D.N.Y. 2018) (citing *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003)). Courts may consider the following factors: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and (6) the likelihood that the discovery will lead to relevant evidence. *New York v. Mountain Tobacco Co.*, No. 12-CV-6276 JS SIL, 2015 WL 3455080, at *13 (E.D.N.Y. 2015). A balancing of these six factors weighs overwhelmingly against Plaintiff.

Reopening discovery would unduly prejudice Defendant, by upending the virtue of finality in litigation. Discovery was completed over two years ago, after this Court granted multiple extensions. (ECF Nos. 32, 68). It was followed by an order of partial summary judgment. (ECF No. 97). Plaintiff's motion is "simply untimely." *Garcia v. U.S. Postal Ser.*, No. 98 CIV. 9152 WHP HBP, 2000 WL 1201391, at *1 (S.D.N.Y. Aug. 22, 2000); *see also Gotlin v. Lederman*, No. 04-CV-3736 (ILG), 2009 WL 2843380, at *4 (E.D.N.Y. Sept. 1, 2009) ("Given that expert

discovery closed over a year ago and dispositive motions have already been decided, it is simply too late in the day [to reopen discovery].").

Furthermore, a claim for loss of value to the business was foreseeable long before discovery closed in February 2018. Plaintiff offers no compelling justification for why it had to wait until now to pursue this new damages theory. Indeed, Plaintiff concedes that its business "started dwindling" in early 2016, and then "caved in completely" during June or July of that year. (Pl's Reply 4). But it did not assert a claim for lost business value at that time, because it was still hoping to prevail on a claim for lost profits. (*Id.*). The Court is unmoved by this explanation for Plaintiff's lengthy delay. At the very least, Plaintiff could have asserted a lost business value claim as an alternative theory of relief. Furthermore, the claim for lost profits was not merely misguided. It was meritless to the point of being sanctionable.[1] Plaintiff should have known all along that the lost profits claim had no chance of success as a matter of law, and so this cannot serve as the excuse for its delay. (*See* Def's Opp'n 11) ("Plaintiff now appears to believe that it should be rewarded for being on the wrong side of the law on the Rule 11 motion, by being given a fresh start on the issue of damages.").

At best, all this this suggests a lack of diligence on Plaintiff's part. *See Gem Fin. Serv., Inc. v. City of New York*, No. 13-CV-1686 (MKB) (RER), 2019 WL 8014411, at *4 (E.D.N.Y. Apr. 18, 2019) (noting that "diligence is entwined with foreseeability, because whether Plaintiff exercised sufficient diligence depends on whether the need for a new expert witness was foreseeable.") At worst, Plaintiff's motion to reopen discovery is a dilatory tactic stemming from its dissatisfaction with its "potential damages when calculated in accordance with the law." (Def's

---

[1] In a Memorandum and Order dated April 2, 2020, the Court sanctioned Plaintiff's counsel under Fed. R. Civ. P. 11(b)(2) for seeking lost profits in the first amended complaint. (ECF No. 119). The Court found that such a claim was entirely without basis in the law. (*Id.*).

3

Opp'n 1, 3). Either way, there is nothing in the balance of factors which weighs in favor of reopening discovery.[2]

## CONCLUSION

Accordingly, Plaintiff's motion is DENIED. Mindful that partial summary judgment was entered over eight months ago, the Court strongly encourages the parties to schedule a trial.

SO ORDERED.

Dated: Brooklyn, New York
       June 18, 2020                    /s/
                                        I. Leo Glasser            U.S.D.J.

---

[2] Plaintiff also argues, without further elaboration, that reopening discovery to permit "expert opinion as to the lost value of its business destroyed as a result of the negligence of BMW would certainly result in the development of relevant evidence." (Pl's Reply 5). The Court does not afford any weight to this conclusory assertion.