# PARNESS LAW FIRM, PLLC

136 Madison Avenue, 6th Floor • New York, New York  10016
Hillel I. Parness • www.hiplaw.com • hip@hiplaw.com
(Cell) 646-526-8261 • (Office) 212-447-5299 • (Fax) 212-202-6002

March 17, 2022

VIA ECF

Hon. Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  Zsa Zsa Jewels, Inc. v. BMW of North America, LLC,
1:15-cv-06519-KAM-RLM (E.D.N.Y.)

Dear Judge Matsumoto:

I am counsel to Plaintiff Zsa Zsa Jewels, Inc. ("Plaintiff") in the above-referenced action. In accordance with Your Minute Entry of February 24, 2022, I am writing to advise the Court that counsel for the parties have conferred and there was no agreement on a possible bifurcation of liability and damages at trial.  On March 4, 2022, the Court issued a further Order, rescheduling the trial in this matter for December 5 to 16, 2022.

Your Honor also directed the parties "to engage in good faith settlement discussions [and] to contact Magistrate Judge Mann if the parties believe Judge Mann's assistance would be helpful to settlement."  On March 4, 2022, we wrote to counsel for Defendant BMW of North America, LLC ("Defendant"), proposing dates for a settlement conference before Magistrate Judge Mann.  Counsel for Defendant asked, in response, that Plaintiff make a settlement demand before agreeing to schedule a conference.

On March 7, 2022, after conferring further with my client, we made a settlement demand on behalf of Plaintiff to counsel for Defendant.  The figure was based on Plaintiff's current estimate of the 2022 replacement value of the jewelry that was lost in the 2013 vehicle fire.  Earlier today – March 17, 2022 – counsel for Defendant advised us that the settlement demand was rejected, that Defendant would not be making a formal offer in response (although they did provide some guidance in that respect), and in view of the gulf between the parties' settlement numbers, Defendant does not believe that a settlement conference with Magistrate Judge Mann would be helpful.

Because it does not appear likely that the parties will be engaged in any extensive settlement efforts, Plaintiff respectfully requests that the Court reschedule the trial, subject of course to the Court's calendar, to start on a date earlier than December 5, 2022.  Plaintiff has been waiting for the resolution of its case for a very long time (the vehicle fire was in November 2013 and Plaintiff initiated this case in November 2015), and Plaintiff is available for trial as early as May 2022.  When we last conferred with

**Hon. Kiyo A. Matsumoto**  March 17, 2022

Defendant's counsel on the issue of trial scheduling in mid-February, they reported that they were not available on any of the dates in May or June 2022 that we had proposed.

Respectfully submitted,

Hillel I. Parness

cc: Counsel of Record (via ECF)