```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ZSA ZSA JEWELS, INC.,
                    Plaintiff,
                                          MEMORANDUM AND ORDER
          v.
                                          15-CV-6519(KAM)(RLM)
BMW OF NORTH AMERICA, LLC,

                    Defendant.
----------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge**:

This action arises from an incident where a BMW X3 automobile (the "Vehicle") designed and manufactured by Defendant BMW of North America, LLC ("BMW NA" or "Defendant"), and leased to Plaintiff Zsa Zsa Jewels, Inc. ("Zsa Zsa" or "Plaintiff") caught fire and damaged merchandise belonging to Plaintiff.  In particular, Plaintiff's Second Amended Complaint seeks to recover for the destruction of "95% of its inventory and related losses incurred when the vehicle that was transporting the company's property suddenly caught fire." (ECF No. 115, p. 1.)  Trial is scheduled to commence on December 5, 2022.

Pending before the Court is Plaintiff's motion *in limine* for an order to preclude evidence at trial regarding the "authorized users" of the Vehicle.  (ECF No. 153.)  For the reasons set forth below, the motion is DENIED.

1

## BACKGROUND

The Court incorporates by reference the factual background provided in its October 11, 2019, memorandum and order. (ECF No. 97, pp. 3-8.) As relevant to this motion, the parties plan on disputing two critical facts at trial: whether the Vehicle's low tire-pressure warning light turned on and whether Ms. Tiffany Sobers ("Ms. Sobers"), the Plaintiff's employee and driver of the Vehicle on the night of the fire, failed to see the light. (*Id.*, p. 9.)

Plaintiff's motion asserts that Defendant intends to introduce at trial evidence that Ms. Sobers was not a permitted operator of the vehicle under Plaintiff's lease agreement with the non-party Morristown BMW dealer. (*See* ECF No. 153, p. 2; *see also* ECF No. 86, p. 2.) The lease agreement states in relevant part:

> 1. Vehicle Use. I agree not to use (or permit others to use) the Vehicle: (a) in any way that violates the law or the terms of my Insurance policy of this lease; (b) to transport goods or people for hire, lease or rental to others ... . I will not allow an uninsured person to operate the Vehicle at any time, or allow any third party, other than my spouse, to operate the vehicle without written permission from [the Vehicle's lessor].

(ECF No. 159, Exh. A.)

Plaintiff has conceded that it was subject to the lease agreement and that Plaintiff allowed its employee, Ms. Sobers, to drive the Vehicle to transport goods on November 6,

2013, the night of the fire, from Plaintiff's office in New York to a trade show in Massachusetts.  (ECF No. 153, p. 2.)  It is similarly undisputed that Plaintiff did not obtain the written permission of the lessor, as required by the lease agreement, to allow its employee to transport goods.  (*Id.*)

Plaintiff, however, contends that neither the lease agreement nor the unauthorized-user status of Ms. Sobers bears on the material issues in this case, including whether Defendant is liable for the fire and Plaintiff's damages were caused by the Vehicle.  (*Id.*)  Plaintiff accordingly filed the instant motion *in limine* on February 8, 2022.  (ECF No. 153.)  Defendant filed an opposition with supporting affidavits and exhibits on February 17, 2022.  (ECF No. 159.)[1]

## LEGAL STANDARDS

### I. Motions *in Limine*

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of potential evidence.  *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984) (defining *in limine* "to refer to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually

---

[1] The Court notes that the parties wrote this Court to supplement their briefing for the motion *in limine* (ECF Nos. 164 and 165), but the Court has concluded that no additional briefing was necessary.  (Order on March 2, 2022.)

3

offered"); *Jackson v. City of White Plains*, No. 05-cv-0491, 2016 WL 234855, at *1 (S.D.N.Y. Jan. 19, 2016) ("The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (emphasis added)). A motion *in limine* calls on the Court "to make a preliminary determination on the admissibility of the evidence under Rule 104 of the Federal Rules of Evidence." *Jackson*, 2016 WL 234855, at *1 (citations omitted); *see also* Fed. R. Evid. 104.

Evidence should be excluded on a motion *in limine* "only when the evidence is clearly inadmissible on all potential grounds," and courts may "reserve judgment on a motion *in limine* until trial, so that the motion is placed in the appropriate factual context." *Ali v. Connick*, No. 11-cv-5297, 2016 WL 3080799, at *1 (E.D.N.Y. May 31, 2016) (citations omitted). Finally, a court's ruling regarding a motion *in limine* is "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected]." *Luce*, 469 U.S. at 41; *see United States v. Jacques*, 684 F.3d 324, 328 n.1 (2d Cir. 2012) ("We note that the district court is free to alter these rulings, if appropriate, as the case progresses.").

Accordingly, the Court's ruling in the instant memorandum and order is without prejudice.

## II. Admissibility of Evidence at Trial

The admissibility of evidence at trial is governed by the Federal Rules of Evidence. Pursuant to Federal Rule of Evidence 402, evidence must be relevant to be admissible. *See* Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Fed. R. Evid. 401. Therefore, under the Federal Rules of Evidence, a court's determination of what constitutes "relevant evidence" is "guided by the nature of the claims and defenses in the cause of action." *Ramos v. Trifone*, No.11-cv-679, 2015 WL 6509114, at *2 (D. Conn. Oct. 28, 2015) (citing *Jean-Laurent v. Hennessey*, 840 F. Supp. 529, 536 (E.D.N.Y. 2011)).

In addition to considerations of relevance, any evidence that the parties seek to offer or exclude in their motions is subject to the Court's balancing of its probative and prejudicial value, as provided in Federal Rule of Evidence 403. Rule 403 permits the exclusion of evidence, even if relevant, "if its probative value is substantially outweighed by a danger of [...] unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting

5

cumulative evidence." Fed. R. Evid. 403. Courts have broad discretion in making decisions under Rule 403's probative-prejudice balancing analysis. *See United States v. Abu-Jihaad*, 630 F.3d 102, 131 (2d Cir. 2010) ("We review a district court's evidentiary rulings deferentially, mindful of its superior position to assess relevancy and to weigh the probative value of evidence against its potential for unfair prejudice." (citing *United States v. Royer*, 549 F.3d 886, 901 (2d Cir. 2008)); *see also United States v. Dwyer*, 539 F.2d 924, 927 (2d Cir. 1976) ("In the balancing of probative value against unfair prejudice required by Rule 403, the trial judge has wide discretion[.]" (quotation omitted)). Under Rule 403, courts make "a conscientious assessment of whether unfair prejudice substantially outweighs probative value with regard to each piece of proffered evidence." *United States v. Pugh*, 162 F. Supp. 3d 97, 103 (E.D.N.Y. 2016) (quoting *United States v. Al-Moayad*, 545 F.3d 139, 160 (2d Cir. 2008)).

## DISCUSSION

In the instant motion *in limine*, Plaintiff asserts that evidence about Ms. Sobers's authorization to drive the Vehicle is irrelevant to Defendant's liability and that the prejudicial effect of such evidence would far outweigh its probative value. (ECF No. 153, p. 2.) Plaintiff contends that whether Ms. Sobers was authorized to use the Vehicle has no

"conceivable bearing" on whether a jury would find that the Vehicle gave a warning before the tire caught on fire or whether Ms. Sobers's testimony regarding the events would be credible. (*Id.*, p. 4.) Without further elaboration, Plaintiff also alleges that that the unauthorized-user status of Ms. Sobers "certainly has no bearing on the issues of damages." (*Id.*) In opposition, Defendant argues that the unauthorized-user status of Ms. Sobers is relevant to Defendant's comparative-fault defense and the overall calculation of damages. (ECF No. 159, pp. 1-3.) This Court agrees with Defendant in that there are at least conceivable uses of the challenged evidence that may be considered by the jury at trial.

Because Plaintiff has brought both strict liability and negligence causes of action, and Defendant plans on raising a comparative-fault defense, the jury will be charged with assessing Plaintiff's comparative fault at trial. (*See* ECF No. 97, p. 13; ECF No. 159, p. 1; *see also Oden v. Boston Scientific Corporation*, 330 F. Supp. 3d 877, 887 (E.D.N.Y. 2018) ("Under New York law, a Plaintiff's claim based upon an alleged design defect or manufacturing defect sounding in either negligence or strict liability are functionally equivalent and will be analyzed concurrently."); *Kwiatkowski v. Bear, Stearns & Co.*, No. 96 CIV. 4798 (VM), 2000 WL 640625, at *2 (S.D.N.Y. May 18, 2000)(finding, in a negligence case, that comparative fault is

7

whether a "plaintiff's own conduct may or may not have played a role" in the question of damages); *Hirsch v. Polymark Corp.*, 889 F. Supp. 714, 715 (S.D.N.Y. 1995)(where a jury, in a negligence case, found that two parties could have both been the proximate cause of an injury and apportioned fault to both accordingly).

The Court agrees with Defendant that Plaintiff's decision to allow an unauthorized user to operate the Vehicle is at least relevant to the question of Plaintiff's comparative fault. As summarized in this Court's summary judgment decision, a dispute remains as to whether the Vehicle's warning light ever turned on and whether Ms. Sobers saw the light. (*See* ECF No. 97, pp. 9, 39-40). Based on the nature of Plaintiff's claims, Ms. Sobers's relationship to and experience with the Vehicle is relevant, because the jury may consider whether she was the primary user of the Vehicle with full information on its operation, including its warning lights, or merely an employee of Plaintiff who used the Vehicle from time to time. As Defendant points out, Plaintiff's willingness to permit its employee, Ms. Sobers, to operate the Vehicle in violation of Plaintiff's lease agreement is at least probative of Plaintiff's own overall degree of care. (ECF No. 159, p. 2.) Moreover, considering that Ms. Sobers is a key witness to circumstances leading to the night of the fire, additional information about the circumstances by which she took possession of the Vehicle

8

and operated the Vehicle is relevant.

Furthermore, to the extent that the jury will need to determine the total damages owed to Plaintiff by Defendant and consider the value of the goods in the Vehicle, the Court agrees that a jury may consider whether Plaintiff's authorization of its employee to transport Plaintiff's goods is relevant to Plaintiff's own valuation of the goods.  Evidence should only be precluded if it is "clearly inadmissible on all potential grounds," and, here, the information about the degree of care that Plaintiff undertook in transporting the lost goods is at least probative of Plaintiff's valuation of the goods entrusted to its employee for transport.  See Ali, No. 11-cv-5297, 2016 WL 3080799, at *1; see also United States v. Schultz, 333 F.3d 393, 416 (2d Cir. 2003) (quoting Contemporary Mission, Inc. v. Famous Music Corp., 557 F.2d 918, 927 (2d Cir.1977) ("Evidence need not be conclusive in order to be relevant."); SEC v. Singer, 786 F. Supp. 1158, 1166 (S.D.N.Y.1992) ("Nonconclusive evidence should still be admitted if it makes a proposition more probable than not; factors which make evidence less than conclusive affect only weight, not admissibility.").

Plaintiff contends that Ms. Sobers's unauthorized-user status would potentially confuse the jury, resulting in jurors conflating Plaintiff's breach of its contractual obligations in the lease agreement with the merits of its tort claim.  (ECF No.

9

153, p. 5.)  Plaintiff and Defendant are free to argue to the jury during summation regarding the relevance, or lack thereof, of the trial evidence.  The Court does not find that any risk of potential prejudicial effect or confusion of the jury substantially outweighs the probative value of the evidence.  Fed. R. Evid. 403.  The evidence regarding the lease is probative to Defendant's defenses and any danger of prejudice arising from the evidence can be addressed by providing appropriate jury instructions, which the parties may timely propose.  If Defendant intends to introduce evidence of Ms. Sobers's unauthorized-user status at trial, the Court will consider a request by Plaintiff to instruct the jury regarding this evidence.

In sum, contrary to Plaintiff's contention that the unauthorized-user status will have no relevance to any part of trial, the Court concludes that evidence of Ms. Sobers not being authorized to operate the Vehicle is the type of information a jury is entitled to consider in weighing liability and how much fault, if any, to attribute to Plaintiff and the total damages, if any, that Defendant may potentially owe.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion *in limine* to preclude any evidence at trial regarding the "authorized users" of the Vehicle is DENIED.

**SO ORDERED.**

Dated: June 27, 2022
       Brooklyn, New York

                                    /s/
                          KIYO A. MATSUMOTO
                          United States District Judge
                          Eastern District of New York